**Wilfredo POLANCO, Plaintiff,**

v.

**N. BREZEZNIAK, et al., Defendants.**

No. 91–CV–6525 CJS.

United States District Court,
W.D. New York.

May 13, 1998.

Wilfredo Polanco, Comstock, NY, pro se.

Elizabeth J. McDonald, and Charles J. Genese, Assistant NYS Attorney Generals, Rochester, NY, for defendants.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This is an action in which the plaintiff, presently a prisoner at Great Meadow Correctional Facility, is suing various prison personnel at Attica Correctional Facility pursuant to 42 U.S.C.1983. Now before the Court is the plaintiff's motion for appointment of counsel. For the reasons that follow, the plaintiff's motion for appointment of counsel is denied.

## BACKGROUND

The plaintiff is no stranger to pro se prisoner litigation. Between 1991 and 1996, in the Western District of New York alone, the plaintiff commenced ten different lawsuits, three of which are currently pending before this Court. Here, the plaintiff alleges that on June 2, 1991, while incarcerated at Attica, he was attacked and beaten by several corrections officers for no apparent reason. The defendants contend that they used reasonable force to restrain the plaintiff after he attacked Corrections Officer Brezezniak with a homemade knife. This is the plaintiff's eighth application for the appointment of counsel in this action. The reasons why the previous seven applications were denied are set out in Orders by Judge Telesca and Magistrate Judge Fisher. In support of this most recent application, the plaintiff has submitted letters from four attorneys/legal assistance groups who have declined to represent him.

## ANALYSIS

 Pursuant to 28 U.S.C. § 1915(e), the Court may appoint counsel to represent an indigent party. However, the decision whether or not to assign counsel is within the Court's discretion. *In re Martin–Trigona,* 737 F.2d 1254, 1260 (2d Cir.1984). The factors which the Court must consider in deciding whether or not to appoint counsel are as follows:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts regarding his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the indigent is able to present his case;

5. Whether the legal issues involved are complex; and

6. Whether there are any special reasons why appointment of counsel would be more likely than not to lead to a just determination.

*Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997). A threshold determination is whether or not the claim seems likely to be of substance. *Id.*

Applying these principles to the instant case, the Court finds that appointment of counsel is not warranted. Inasmuch as the plaintiff has failed to establish that his case is "likely to be of substance," a threshold requirement, the Court does not need to consider additional factors. *Hendricks,* 114 F.3d at 392. However, the Court does note that the legal issues involved here are not complex, and the plaintiff appears to have been able to fully investigate his claim through interrogatories and document discovery. Moreover, the plaintiff is an experienced and prolific litigator who appears able to present his own case without difficulty. Finally, the plaintiff has not presented any new information to the Court which would cause it to overturn its earlier decisions denying the appointment of counsel.

## CONCLUSION

Accordingly, the plaintiff's motion for appointment of counsel [# 173] dated February 20, 1998 is denied.

So ordered.